IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>E. PALKO, et al.,<br><br>    Defendants. | No. 2:19-CV-0394-DMC-P<br><br><br><u>ORDER</u> |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names E. Palko as defendant.  The allegations outlined in the complaint may be summarized as follows:

On July 26th, 2016, Plaintiff informed a correctional officer that he felt suicidal. The officer placed Plaintiff in a small holding cell under restraints and called the psychologist, Defendant E. Palko.  Plaintiff waited for four hours before Defendant arrived.  When Defendant arrived, three prison officials said Plaintiff was not suicidal.  However, Plaintiff told Defendant that he wanted to hang himself with a bedsheet.  Nevertheless, Defendant cleared Plaintiff and sent him back to his cell.  After Plaintiff returned to his cell, he made a noose from his bedsheets and began to hang himself.  An officer witnessed Plaintiff's actions and intervened.  The officer placed Plaintiff in handcuffs and returned him to the small holding cell, where he remained for another four hours until taken to a crisis center.

Plaintiff alleges the following claims: (1) Defendant violated Plaintiff's Eighth Amendment rights by demonstrating deliberate indifference to his suicidal intentions; and (2) Defendant intentionally inflicted emotional distress by forcing him to wait in a small holding under restraint for several hours. Plaintiff does not specify which four-hour time period he attributes to the Defendant's actions.

/ / /

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

### A. <u>Eighth Amendment – Indifference to Suicidal Ideation</u>

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See <u>Farmer</u>, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See <u>id.</u>

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See <u>Estelle</u>, 429 U.S. at 105; see also <u>Farmer</u>, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992); see also <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

///

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff alleges a cognizable claim against Defendant for violating his Eighth Amendment rights. Presuming the facts to be true as the court must, the facts sufficiently demonstrate Defendant was deliberately indifferent to Plaintiff's risk of serious injury. Plaintiff informed Defendant of his suicidal thoughts and his plan to hang himself with bedsheets; therefore, Defendant knew there was a substantial risk that Plaintiff would commit suicide if sent back to his cell where he had access to bedsheets. Furthermore, Plaintiff faced a risk of sufficiently serious injury−death. Because the facts allege that Defendant was deliberately indifferent to Plaintiff's risk of death, Plaintiff's claim is appropriate for service.

**B.** **Intentional Infliction of Emotional Distress – Waiting in Holding Cell**

Plaintiff fails to state a cognizable claim that Defendant intended to cause severe mental and emotional distress by making Plaintiff wait in the small holding cell under restraints for several hours. It is unclear whether Plaintiff intends to bring this claim under the Federal Torts Claim Act (FTCA) or § 1983. It is also unclear which four-hour time period Plaintiff attributes to

the Defendant. Regardless of these ambiguities, Plaintiff's claim is insufficient for two reasons.

First, under the Prisoner Litigation Reform Act, a prisoner cannot bring a claim under the FTCA for a mental or emotional injury suffered while in custody without demonstrating physical injury. 28 U.S.C. § 1346(b)(2). This also applies to claims premised on a mental or emotional injury that are brought under § 1983. 42 U.S.C. § 1997e(e). However, the physical injury requirement does not apply to claims made under the First or Fourteenth Amendment. See Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (Fourteenth Amendment claims); Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (First Amendment claims). Because Plaintiff bases his claim upon inadequate medical care, this court finds that Plaintiff does not allege any claims under the First or Fourteenth Amendment. Plaintiff's claim fails the physical-injury requirement because his complaint does not allege that he suffered any physical injuries from Defendant's actions.

Second, Plaintiff's claim fails to establish a causal connection between Defendant's actions and the alleged harm (waiting in a holding cell during two separate four-hour periods of time). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff alleges that the long waits in the holding cells caused severe emotional distress, which Defendant deliberately inflicted. It is not clear whether Plaintiff refers to the first four-hour period, the second, or both. Regardless, Plaintiff fails to plausibly establish a

cognizable claim. Even when taken in a light most favorable to him, the alleged facts do not demonstrate a causal link between Defendant and the circumstances that led to his emotional distress.

Regarding the initial four-hour period, no facts indicate that Defendant had any control over Plaintiff's holding conditions, including the size of the cell or the use of restraints. Furthermore, no facts support the inference that Defendant's delay was wanton or malicious. To the extent that Plaintiff's injuries stem from the second four-hour waiting period, his pleading defect is even more evident. After Plaintiff tried to commit suicide, a correctional officer placed him in the holding cell where he waited several hours for a third party to arrive. He alleges no further interaction with Defendant or ways that she influenced or controlled the second holding period.

Plaintiff will be given leave to amend. In Plaintiff's amended complaint, he must allege more than a de minimus physical injury from Defendant's actions if he is presenting his claim under the FTCA. If he is presenting a claim under § 1983, he must allege sufficient facts to show a causal link between Defendant and the harm.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  September 4, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE