IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH CANDLER,

        Plaintiff,

  v.

E. PALKO,

        Defendant.

No. 2:19-CV-0394-MCE-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). On September 5, 2019, the court issued a screening order addressing plaintiff's claims. See ECF No. 9. The court summarized plaintiff's allegations and claims as follows:

> On July 26th, 2016, Plaintiff informed a correctional officer that he felt suicidal. The officer placed Plaintiff in a small holding cell under restraints and called the psychologist, Defendant E. Palko. Plaintiff waited for four hours before Defendant arrived. When Defendant arrived, three prison officials said Plaintiff was not suicidal. However, Plaintiff told Defendant that he wanted to hang himself with a bedsheet. Nevertheless, Defendant cleared Plaintiff and sent him back to his cell. After Plaintiff returned to his cell, he made a noose from his bedsheets and began to hang himself. An officer witnessed Plaintiff's actions and intervened. The officer placed Plaintiff in handcuffs and returned him to the small holding cell, where he remained for another four hours until

1

taken to a crisis center.

> Plaintiff alleges the following claims: (1) Defendant violated Plaintiff's Eighth Amendment rights by demonstrating deliberate indifference to his suicidal intentions; and (2) Defendant intentionally inflicted emotional distress by forcing him to wait in a small holding under restraint for several hours. Plaintiff does not specify which four-hour time period he attributes to the Defendant's actions.

ECF No. 9, pg. 2.

The court found plaintiff states a cognizable claim for violation of plaintiff's Eighth Amendment rights. See id. at 4. Specifically, the court noted:

> Here, Plaintiff alleges a cognizable claim against Defendant for violating his Eighth Amendment rights. Presuming the facts to be true as the court must, the facts sufficiently demonstrate Defendant was deliberately indifferent to Plaintiff's risk of serious injury. Plaintiff informed Defendant of his suicidal thoughts and his plan to hang himself with bedsheets; therefore, Defendant knew there was a substantial risk that Plaintiff would commit suicide if sent back to his cell where he had access to bedsheets. Furthermore, Plaintiff faced a risk of sufficiently serious injury−death. Because the facts allege that Defendant was deliberately indifferent to Plaintiff's risk of death, Plaintiff's claim is appropriate for service.

ECF No. 9, pg. 4.

The court, however, determined plaintiff failed to state a cognizable claim against defendant under the Federal Tort Claims Act for intentional infliction of emotional distress. See id. at 4-5. The court concluded:

> Plaintiff fails to state a cognizable claim that Defendant intended to cause severe mental and emotional distress by making Plaintiff wait in the small holding cell under restraints for several hours. It is unclear whether Plaintiff intends to bring this claim under the Federal Torts Claim Act (FTCA) or § 1983. It is also unclear which four-hour time period Plaintiff attributes to the Defendant. Regardless of these ambiguities, Plaintiff's claim is insufficient for two reasons.
> First, under the Prisoner Litigation Reform Act, a prisoner cannot bring a claim under the FTCA for a mental or emotional injury suffered while in custody without demonstrating physical injury. 28 U.S.C. § 1346(b)(2). This also applies to claims premised on a mental or emotional injury that are brought under § 1983. 42 U.S.C. § 1997e(e). However, the physical injury requirement does not apply to claims made under the First or Fourteenth Amendment. See Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (Fourteenth Amendment claims); Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (First Amendment claims). Because Plaintiff bases his claim upon inadequate medical care, this court finds that Plaintiff does not allege any claims under the First or Fourteenth Amendment. Plaintiff's claim fails the physical-injury requirement because his complaint does not allege that he suffered any physical injuries from Defendant's actions.

> Second, Plaintiff's claim fails to establish a causal connection between Defendant's actions and the alleged harm (waiting in a holding cell during two separate four-hour periods of time). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
>
> Here, Plaintiff alleges that the long waits in the holding cells caused severe emotional distress, which Defendant deliberately inflicted. It is not clear whether Plaintiff refers to the first four-hour period, the second, or both. Regardless, Plaintiff fails to plausibly establish a cognizable claim. Even when taken in a light most favorable to him, the alleged facts do not demonstrate a causal link between Defendant and the circumstances that led to his emotional distress.
>
> Regarding the initial four-hour period, no facts indicate that Defendant had any control over Plaintiff's holding conditions, including the size of the cell or the use of restraints. Furthermore, no facts support the inference that Defendant's delay was wanton or malicious. To the extent that Plaintiff's injuries stem from the second four-hour waiting period, his pleading defect is even more evident. After Plaintiff tried to commit suicide, a correctional officer placed him in the holding cell where he waited several hours for a third party to arrive. He alleges no further interaction with Defendant or ways that she influenced or controlled the second holding period.

ECF No. 9, pgs. 4-6.

Plaintiff was provided leave to file a first amended complaint within 30 days of the date of the court's screening order. See id. at 6-7. Plaintiff was instructed that the action would proceed on the original complaint if he failed to file a first amended complaint within the time provided. See id. at 7. To date, plaintiff has not filed a first amended complaint and by separate order issued herewith the court has instructed plaintiff to submit documents necessary for service of this action on defendant.

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that the District Judge adopt the conclusions reached in the September 5, 2019, screening order and dismiss plaintiff's Federal Tort Claims Act claim with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE